IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO ALMÉSTICA-TORRES,

**Petitioner,**

v.

UNITED STATES OF AMERICA,

**Respondent.**

**Civil No.** 17-1619 (FAB)

related to

**Criminal No.** 15-748 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is Eduardo Alméstica-Torres' ("Petitioner" or "Alméstica-Torres") *pro-se* motion to vacate, set aside, or correct his sentence in Criminal Case No. 15-748, pursuant to Title 28, United Sates Code, section 2255 ("section 2255"), (Civil Docket No. 1); Petitioner's Memorandum in Support (Civil Docket No. 1-1); and the Government's Response, (Civil Docket No. 14). For the reasons set forth below, the Court dismisses with prejudice Petitioner's motion to vacate his sentence and accompanying Memorandum in Support (Docket Nos. 1 and 1-1).

**I.   BACKGROUND**

On December 9, 2015, Alméstica-Torres was charged in a one-count Indictment with being a convicted felon in possession of a firearm in violation of Title 18, United States Code,

section 924(d)(1) and Title 28, <u>United States Code</u>, section
2461(c). (Criminal Docket No. 12.)

On February 19, 2016, Petitioner pled guilty to the one-count
indictment, pursuant to a Plea Agreement entered into with the
Government. (Criminal Docket Nos. 27 and 28.)

On May 19, 2016, Petitioner was sentenced to a term of
imprisonment of forty-two months (Criminal Docket No. 37.)
Judgment was entered on May 30, 2016. (Criminal Docket No. 38.)

Alméstica-Torres did not appeal his sentence; on April 27,
2017, Petitioner filed a timely Motion to Vacate Sentence pursuant
to Title 28, <u>United States Code</u>, section 2255. (Civil Docket
No. 1.)

**II.  STANDARD OF REVIEW**

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody
under sentence of a court established by [an] Act of Congress . .
. may move the court which imposed the sentence to vacate, set
aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he
statute provides for post-conviction relief in four instances,
namely, if the petitioner's sentence (1) was imposed in violation
of the Constitution, or (2) was imposed by a court that lacked
jurisdiction, or (3) exceeded the statutory maximum, or (4) was
otherwise subject to collateral attack." <u>David v. United States</u>,
134 F.3d 470, 474 (1st Cir. 1998) (<u>citing</u> <u>Hill v. United States</u>,

368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion filed pursuant to section 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless the petitioner can demonstrate both (1) cause for the procedural default, and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

### III. DISCUSSION

In his 2255 petition, Alméstica-Torres makes the following allegations:

**Ineffective assistance of counsel** – Counsel was ineffective by failing to object to Petitioner's Criminal History Category of IV; counsel should have argued that Alméstica-Torres' Criminal History Category was I.

**Ineffective assistance of counsel** – Counsel was ineffective by failing to advise Alméstica-Torres properly that the Plea Agreement did not stipulate a Criminal History Category.

Petitioner also makes an allegation of sentencing factor manipulation in one line.

Because they are intertwined, the Court will jointly address both allegations of ineffective assistance of counsel.

**A.   Ineffective assistance of counsel – Whether counsel was ineffective by failing to object to Petitioner's Criminal History Category of IV; counsel should have argued that Alméstica-Torres' Criminal History Category was I.   Whether counsel was ineffective by failing to advise Alméstica-Torres properly that the Plea Agreement did not stipulate a Criminal History Category.**

To establish ineffective assistance of counsel, a defendant must show that:

1.   His attorney's performance was deficient, and

2.   The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688.  Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  This assessment "must be a 'fairly tolerant' one [, however,] because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.'"  Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

A claim of ineffective assistance of counsel "requires a court to assess, first whether 'counsel's representation fell

below an objective standard of reasonableness.'"  Padilla v. Kentucky, 130 S.Ct. 1473, 1482 (2010).  It is clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness, and that prejudice resulted from it, Strickland, 466 U.S. at 687.  See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).  He must do this for each particular instance in which he claims ineffective assistance of counsel.  Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented."  United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992).  The "range of reasonable professional assistance" is quite wide.  See Strickland, 466 U.S. at 689.  Therefore, the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential."  See Strickland, 466 U.S. at 689.

Under Strickland, a petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm those actions caused.  Furthermore, "a defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong."  Moreno-Espada v. United States,

666 F.3d 60, 64 (1st Cir. 2012) (quoting <u>Tevlin v. Spencer</u>, 621 F.3d 59, 66 (1st Cir. 2010).

Alméstica-Torres raises two claims of ineffective assistance of counsel, both related to the determination of his Criminal History Category (CHC). Petitioner alleges that had counsel properly explained to him the variations that were possible in the determination of his CHC, and that the determination was left open in the Plea Agreement, he would not have signed the Plea Agreement. Alméstica-Torres also alleges that counsel was ineffective by failing to advocate at sentencing that Petitioner's proper CHC was I.

The record does not support either of Petitioner's allegations.

A review of the Plea Agreement clearly states in paragraph eight that "The parties do not stipulate as to any Criminal History Category for defendant." Paragraph nine reads that, "The parties agree that the defendant may request a sentence at the low end of the determined applicable guideline range stipulated in paragraph 7 of the Plea Agreement as to Count One. The government may argue for any sentence at the upper end of the applicable guideline range stipulated in paragraph 7 of this Plea Agreement as to Count One. The defendant agrees that this sentence

is reasonable pursuant to Title 18, <u>United States Code</u>, section 3553(a)." (Criminal Docket No. 28 at p. 4.)

Because the charge to which Petitioner pled guilty was being a felon in possession of a firearm, he must have had at least one prior conviction; it was left to the Probation Officer, in the preparation of the Presentence Investigation Report, to evaluate Alméstica-Torres' criminal record and compute the applicable CHC.

Alméstica-Torres cannot allege that he was confused and did not understand these paragraphs of the Plea Agreement; he signed and initialed each page of the Plea Agreement. Furthermore, a review of the transcript of the Change of Plea Hearing clearly establishes that Petitioner was fully aware of the possibilities of his CHC computation and what his counsel was allowed to argue.

The Court:   Mr. Alméstica, do you agree with the Government's summary of your plea agreement?

Defendant Alméstica-Torres:  Yes.

The Court:  Did you have an opportunity to discuss your plea agreement with Ms. Irizarry before you signed it?

Defendant Alméstica-Torres:  Yes.

The Court:   Ms. Irizarry, did you explain the plea agreement to Mr. Alméstica in Spanish?

Ms. Irizarry:  Yes, Your Honor.

The Court:  Are you satisfied that he understands it?

Ms. Irizarry:  Yes, Your Honor.

The Court:  Mr. Alméstica, do you understand the terms of your plea agreement?

Defendant Alméstica-Torres:  Yes.

(C.O.P. Trans. Criminal Docket No. 46 at p. 10.)

There is no doubt that Petitioner was fully aware that the computation of his CHC category and what each side was allowed to argue at sentencing was explained to him in Spanish.

The gist of Petitioner's dissatisfaction is the computation of his CHC as done by the Probation Officer, accepted by the parties and used at sentencing by the Court.

Prior to sentencing, the Probation Officer filed the required Pre-sentence Investigation Report.  (Criminal Docket No. 34.)  As part of the report, the Probation Officer calculated Petitioner's CHC based on his prior criminal record.

Alméstica-Torres' CHC was determined to be IV based on a criminal history score of nine.  (Criminal Docket No. 34 at p. 10.)  Starting at age twenty, Alméstica-Torres accumulated criminal convictions for a variety of criminal activity, such as carrying and using firearms, and possessing controlled substances.  (Criminal Docket No. 34 at pp. 9-10.)  Alméstica-Torres has at least three prior criminal convictions, a fact which he obviously knew, which was used to calculate his CHC.  There is no feasible way that Alméstica-Torres' could properly argue a CHC of I in view

of Petitioner's prior convictions.  Petitioner cannot allege that his counsel was ineffective by failing to argue what amounts to a meritless and frivolous argument.  See Jones v. Barnes, 463 U.S. 745, 754 (1983); Cofske v. United States, 290 F.3d 437, 444-45 (1st Cir. 2002).  An attorney is not obliged to raise meritless claims, and failure to do so does not render his or her legal assistance ineffective.  See Acha v. United States, 910 F2d 28 (1st Cir. 1990); Brown v. United States, 42 F.Supp.2d. 122, 131 (D. Puerto Rico 1998).

Alméstica-Torres does not have a valid claim of ineffective assistance of counsel because of his counsel's failure to argue that his CHC was I.  That claims is **DENIED**.

Concerning Petitioner's claim that he was unaware of the "ambiguity" of his CHC in the Plea Agreement, the transcript of the Change of Plea Hearing clearly contradicts his assertion.  His claim that his counsel was ineffective by not properly informing him is **DENIED**.

The record clearly indicates that Alméstica-Torres was fully aware of the alternative scenarios as to his CHC, even during his sentence.  In fact, his counsel argued for a middle range

Civil No. 17-1619 (FAB)                                              11

sentence within Petitioner's CHC.[1]   (Sentencing Hearing Trans.
Criminal Docket No. 47 at p. 7.)

        The Court in reaching its sentencing determination made
the following pronouncement:

        This is defendant's fourth conviction for drugs and
weapons, including a revocation of probation, and he is pending
trial for drug charges at the Ponce Superior Court, which at this
time the Court expresses no opinion on in as much as he has his
presumption of innocence and he intends to fight those charges.[2]
(Sentencing Hearing Trans. Criminal Docket No. 47 at p. 11.)

        Alméstica-Torres was aware of his criminal past.
Petitioner cannot in good faith allege that his counsel was
ineffective for failing to argue that his CHC was I for a defendant
with a criminal past.

---

[1] The record reflects that prior to sentencing, Petitioner's counsel filed a
Sentencing Memorandum advocating for a sentence of thirty-seven months.   Once
again, the record clearly establishes that counsel was in fact effectively
advocating for Alméstica-Torres.   (Criminal Docket No. 31.)

[2] At the Sentencing Hearing the government exposed the seriousness of
Petitioner's criminal history: "Ms. Castellanos: Well, Your Honor, you, well,
presented the defendant Category IV.   That means four previously convictions,
three of them for possession of narcotics, one of them for illegal possession
of firearms.   The defendant has been revoked on probation once before.   And on
the day of his arrest, he was found in possession of various false guns, plus
the real firearm that was charged in this case.   And he was found in possession
of extended magazines, at least two extended magazines."   (Sentencing Hearing
Trans. Criminal Docket No. 47 at p. 4.)

Petitioner also makes a half-hearted attempt to allege sentencing factor manipulation, claiming that his criminal activity is exaggerated or overrepresented.

Sentencing factor manipulation "occurs when the government improperly enlarge[s] the scope or scale of a crime to secure a longer sentence than would otherwise obtain." U.S. v. DePierre, 599 F.3d 25, 28-29 (1st Cir. 2010) (citing United States v. Vasco, 564 F.3d 12, 24 (1st Cir. 2009)). In essence "a finding of sentencing factor manipulation authorizes a sentencing court to depart from the guideline sentencing range, as well as from the statutory minimums." Person v. U.S., 27 F.Supp.2d 317, 325 (D.R.I. 1998) (citing United States v. Montoya, 62 F.3d 1, 3 (1st Cir. 1995)).

"The defendant bears the burden of establishing sentencing factor manipulation by a preponderance of the evidence, . . . and a district judge's determination as to whether improper manipulation exists is ordinarily a fact bound determination subject to clear error review." U.S. v. Lucena-Rivera, 750 F.3d 43, 55 (1st Cir. 2014)

Alméstica-Torres falls short in establishing sentencing factor manipulation. The record establishes and corroborates the extent of Petitioner's prior criminal activity, allowing for a proper determination of a CHC of IV. Alméstica-Torres cannot in

Civil No. 17-1619 (FAB)                                                    13

good faith argue sentencing factor manipulation stating that the crime for which he was indicted was exaggerated, or that his prior criminal convictions are over-represented.  That is not sentencing factor manipulation.

Petitioner's allegation of sentencing factor manipulation is frivolous and meritless, and is **DENIED**.

**IV.  CONCLUSION**

For the reasons stated, Petitioner Eduardo Alméstica-Torres' motion filed pursuant to 28 U.S.C. § 2255 (Civil Docket No. 1) and his Memorandum in Support (Civil Docket No. 1-1) are **DENIED**.  This case is **DISMISSED with prejudice**.  Judgment shall be entered accordingly.

If Petitioner files a notice of appeal, no certificate of appealability shall issue because he has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 24, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE